ATWATER, executor of CHAUNCEY BARNES, deceased, *against* BARNES:

IN ERROR.

The testator, by his will, appropriated 500 dollars to build a dwelling-house for the comfort and convenience of his wife and children, in case she and her friends, should think it proper and necessary, and appointed *S* trustee, to make the expenditure. In the absence of *S*, in a remote part of the *United States*, the sum mentioned in the will was expended, by the executors, in repairing the existing dwelling-house; such repairs being necessary for the health and comfort of the family, and the expenditure being judiciously made. Held, that a charge for such expenses, in the administration account, was properly made and allowed.

The policy of our law requires, that our probate records should furnish all needful information relating to the estates of deceased persons, that all who are interested therein, may, by resorting to them, ascertain their respective rights. The true condition of all the estate must appear from the inventory, or the account, or from both together.

Therefore, where it appeared, that the executors had received sundry sums of money, amounting to 508 dollars, part of the estate of the testator, which they omitted to credit in their administration account; it was held, 1. that the appropriate remedy was an appeal from the decree allowing such account; 2. that the error, being shewn, was a sufficient ground of reversal.

Where it further appeared, in such case, that the executors had delivered over all the estate of the deceased, to the widow, who was entitled to the use thereof, during the minority of the children; it was held, that this fact, though it might affect the damages in a suit upon the bond for not rendering a true account, had no bearing upon an appeal from probate, the object of which was, to set aside the decree appealed from.

*New-Haven,
July, 1851.*

Atwater
*v.*
Barnes.

THIS was an appeal from the judgment and decree of the court of probate for the district of *Wallingford*, made on the 10th day of *December*, 1832, accepting and allowing the administration account of the defendant, executor of the last will and testament of *Chauncey Barnes*, deceased. The appellant was one of the children of the deceased ; and the appeal was taken, within the time limited by law, after his arrival at the age of twenty-one years. The account was the following :

### CHAUNCEY BARNES' ESTATE.

*Willis Atwater*, in account with said estate.         DR.

| | |
|---|---:|
| To amount of inventoried real estate, . . | $1312.00 |
| " " " " machinery, . . | 900.00 |
| " Personal property and cash, . . . | 815.78 |
| " Additional inventory, *viz.*, mistake in *Selden Barnes'* note, inventoried $200 less by mistake, | 200.00 |
| " Additional inventory of debts due estate, . | 27.23 |
| | 3,255.01 |

CR.

| | |
|---|---:|
| By paying debts against the estate, | $431.89 |
| " repairing house, . . . . | 500.00 |
| " Administrator's private bill, . | 52.50 |
| " Allowance for support of family, . | 125.00 |
| " Court and clerk fees, . . . | 6.57 |
| | 1,115.96 |
| Balance of real and personal estate, . | $2,139.05 |

The cause was referred to a committee, whose report, among other matters, embraced the following facts. The testator, by his will, gave the use of all his estate to his wife, for the support and education of his children, until the youngest should become of age ; and then to be so divided, that his wife should take one-third of his personal estate, and the use of one-third of his real estate, during her life ; and the residue to be equally divided among his four children, of whom the appellant was one. In the event of her decease or marriage, before his youngest child became of age, a distribution was to be made.

The will then contained the following provision : " And in case it should be thought 'proper and necessary, by my wife

*New-Haven,*
July, 1851.

Atwater
*v.*
Barnes.

and her friends, to build a dwelling-house for the comfort and convenience of my wife and children, at any time previous to the distribution of my estate, then in such case, I hereby appropriate out of my estate, a sum, not exceeding 500 dollars, for building a new dwelling-house, for the use of my wife and children ; and when my estate shall be distributed, the house shall be distributed as a part of my estate.    And I hereby appoint *Selden Barnes*, trustee, to expend such part of said sum as may be necessary for the building of the house."    He then appointed his wife and the defendant, executors of his will.

The committee found, that in addition to the sum of 27 dollars, 23 cents, credited in the account, there were due the deceased, at the time of his death, from sundry persons named, divers sums, which, before the exhibition of the administration account, had been paid to one or other of the executors, or notes had been taken for the same, which had been subsequently paid ; that such debts, amounting to 508 dollars, 60 cents, were a part of the estate of the testator ; and that the executors should have charged themselves for the same, in their account, but had not so done.

In relation to the charge of 500 dollars, for repairing house, the committee found, that it had been expended, by the executors, for that purpose, but without the knowledge or advice of *Selden Barnes*, who, at the decease of the testator, and until a considerable time after the completion of the repairs, was absent, in a remote part of the *United States ;* that the repairs were judiciously, prudently, and economically made ; were necessary for the convenience, comfort and health of the widow and children of the deceased ; and were, in all respects, suitable and proper.    When they came to the knowledge of said *Selden Barnes*, he expressed no dissent, or disapprobation ; and the estate was increased in value, to the full amount of the expenditure.

After the settlement of the administration account, on the 17th day of *December*, 1832, the defendant delivered over to the widow of the deceased all the property in his hands belonging to the estate, and took her receipt for the same, in which she promised to keep the property safely, and dispose of the same according to the will of the testator.

Upon a hearing before the superior court for the county

*New-Haven,*
*July, 1851.*

Atwater
*v.*
Barnes.

of *New-Haven,* at the *January* term, 1851, upon an appeal from the decree of the court of probate, it was reversed; and the defendant filed his motion in error, by which the record was transmitted to this court.

*C. A. Ingersoll,* for the plaintiff in error, contended, 1. That there was nothing allowed, by the court of probate, in favour of the executor, which ought not to have been allowed. The charge of 500 dollars, for the building of a house, was a proper charge. The money was expended substantially according to the directions contained in the will, and so as to accomplish, in the best manner, the object of those directions.

2. That the will directs, that all of the estate, after paying the proper charges of settling the estate, and after the expenditure of the 500 dollars for a house, should go to the widow. The use of all of it was given to her.

3. That all the estate, after deducting the proper charges, has gone as the will directed it should go. It has gone into the possession of the widow. The committee has found, that all the estate has gone into the possession of the widow, according to the directions of the will.

4. That if the order of the court of probate settling the executor's account, should be set aside, and a new settlement should be had, neither the appellant, nor any one claiming under the will, would receive more than they had already received.

*Seymour* and *Buel,* for the defendant in error, contended, 1. That it being found by the committee, that at the time of the allowance of the administration account, the executor had collected and received, as part of said estate, funds to the amount of 508 dollars, 60 cents, which he did not render, and which were not charged to him in said account; and that in this, the account was false and incorrect; the decree of the court of probate allowing said account, must, therefore, be reversed. First, the account purports to furnish the *record evidence* of the amount of estate in the executor's hands, and for which he is accountable; and that account is established, by the judgment of the court having jurisdiction thereof, as true, which is found to be false and

untrue. Secondly, it also furnishes record evidence of the amount to which the devisees are entitled, and precludes them from claiming of the executor a large sum. Thirdly, it is conclusive against all parties interested, unless set aside on this appeal. In face of this decree, can the devisees, or other parties interested, claim of the executor a larger amount than that found and decreed by the court?

2. That the charge of 500 dollars, for repairs of the dwelling-house, ought not to have been allowed, because the money was expended without authority, and without the knowledge or consent of the trustee, by whom alone it was to be made.

3. That the fact that *Atwater*, after the settlement of the account, delivered over to his co-executor Mrs. *Barnes*, (who was entitled to the use of the estate during the minority of the children,) all the moneys, notes, effects, &c., in his hands, and took her receipt therefor, is no answer to the questions arising on this appeal. First, the question on this appeal, is, was this account true or false, *at the time this decree was passed?* Secondly, it is to correct the erroneous decree of the court of probate, on the 17th of *December*, 1832, that this appeal is taken, so that the records shall shew the truth, and the true amount in the executor's hands, to which the remainder-men are entitled. Thirdly, no subsequent proceedings *between the executors*, can correct this account or erroneous decree, as against the devisees. Fourthly, *Atwater* and Mrs. *Barnes* were co-executors, and jointly liable ; and the receipt given by Mrs. *Barnes* to *Atwater*, is no discharge of him, or of his trust, as against the appellant. 1 *Sw. Dig.* 454. 2 *Kent's Com.* 354. *Edmonds* & al. v. *Crenshaw*, 14 *Peters' R.* 166. *Crosse* & ux. v. *Smith* & al. 7 *East*, 246. *Dorr* v. *Wainwright*, 13 *Pick.* 328.

4. That the decree ought to be reversed and the account correctly stated, because in a suit against the executor, on his bond for not executing the will, it furnishes the rule of damages.

WAITE, J. We do not think the court erred, in allowing the executors, in their account, the charge of five hundred dollars, for repairing the house. An appropriation to that extent, was made in the will, for a new house. The testator

New-Haven,
July, 1851.

Atwater
v.
Barnes.

clearly intended, that his widow and children should be provided with a comfortable habitation.

The only objection against this charge, is, that the expenditure was not made by the person appointed for that purpose in the will.   The object of that provision evidently was, to secure a judicious application of the money.   It was not for him to say, whether another house should be provided, or the widow and her children continue to live in the old one.

That question was to be determined, by her and her friends ; and when they decided, that another house was necessary and proper, it was for him merely to execute their orders.   But when that decision was made, he was absent, in a remote part of the *Union*, and could not perform the duties assigned him in the will.

What then were the family to do ?   Were they to be without a house, which is found to have been necessary, both for their health and comfort, merely because the agent appointed to procure one, was absent and could not act ?   Such surely could not have been the intention of the testator. Under such circumstances, we do not think the executors transcended their powers, in making the expenditure themselves.

Besides, it is found by the committee, that the repairs were not only necessary for the health and comfort of the family, but that the expenditure was prudently and judiciously made, and the property of the testator increased in value to the extent of the expense incurred.   *Barnes*, since his return, has expressed no dissatisfaction.   There has, therefore, been a substantial compliance with the directions of the will.   The plaintiff and the other children of the deceased have undoubtedly enjoyed the benefit of the expenditure ; have sustained no loss in consequence thereof ; and therefore, in our opinion, have no just cause for complaint on that account.

2. The omission of the executors to render a *true* account of all the debts by them collected, presents a more serious difficulty.

The policy of our laws requires, that our probate records shall furnish all needful information relating to the estates of deceased persons, that heirs, creditors, and all others in-

*New-Haven,*
July, 1851.

Atwater
*v.*
Barnes.

terested therein, may resort to them, for the purpose of ascertaining their respective rights.

Thus, an executor or administrator must cause a true and perfect inventory to be made of all the estate, and all the credits and choses in action, as far as may be, which must be sworn to by him, and deposited with the court.  *Stat.* 352. § 28.   He must also give bond with surety, that he will well and truly administer the estate, according to law, make a true and just account of his administration, and deliver all the residue of the estate, which shall be found remaining upon his said account, the same being first examined and allowed by the court of probate, unto such person or persons as the court, by decree pursuant to law, shall appoint.  *Stat.* 348. § 13.

Under these statutes, the practice has generally been, to embrace in the inventory all the bonds, notes, and other obligations shewing a specific indebtedness.   But as to open and unsettled accounts, where it cannot be well ascertained, until an adjustment has been made, whether there is any balance due to the estate, and if any, how much, it has been usual to credit all sums received, and charge all balances paid, upon such adjustments, in the administration account. Thus the inventory and the account together will then exhibit the true condition of all the estate.

In strictness, every sum collected, and not embraced in the inventory, and every debt paid, should be separately entered in the accounts, or upon lists furnished to the court and lodged on file, that every person interested in the estate may not only know what are the assets belonging to the estate, but may be furnished with the requisite means of information, to enable him, by inquiry, to test the accuracy of the account.

In the present case, it appears, that more than five hundred dollars, in debts due to the estate, have either been collected, by the executors, or secured to them, of which no account has been rendered, either in the inventory or the administration account.   How are the minor children of the deceased, upon becoming of age, to know any thing about the matter?   If they resort to the probate records for information, they are much more likely to be deceived than instructed.   They find an account, which has been exhibited

*New-Haven,*
*July, 1851.*

Atwater
*v.*
Barnes.

by the executors, and allowed and approved by the court. In that account, a small sum is credited for the amount of debts collected. The legal presumption is, that it includes the whole; and yet, in fact, it comprehends but a small portion of them.

It is said, that the proper remedy is upon the bond to the judge of probate. It would be a very ungracious act, on the part of the judge, to allow an account as just, and then turn around and sue the executors, because it was not a just account. But this precise question has been settled, by two decisions of this court; and it has been holden, that the appropriate remedy is by an appeal. *Goodrich* v. *Thompson,* 4 *Day,* 215. *Edmond* v. *Canfield,* 8 *Conn. R.* 87. *Hosmer,* Ch. J., in the case last cited, remarked, that "an administration account, sanctioned by the decision of the court, is necessarily precedent to the distribution of the deceased's estate. Every item in every administration account, must be examined and adjudicated upon, by the court of probate; nor is this a matter of form, but of substance; otherwise, the records of the court, which ought to be of incontrovertible verity, would afford no evidence of the just and legal settlement of an estate."

The proper course, therefore, for the court to pursue, when an account is exhibited, is, to enquire whether it is a true and just one, and embraces all the items which ought to be included, and nothing more; and if he finds it to be right, to accept and allow it; otherwise, to reject it. And if the executors neglect to present an account that is satisfactory, the proper remedy is, to cause a suit to be instituted upon the bond.

It can be of no possible use to pass a decree, sanctioning an account, unless it be a true one, shewing the precise amount of assets in the hands of the executors, and such an one, as may form a basis for subsequent orders, in relation to the disposition of those assets.

3. It is finally said, that as *Atwater,* the present defendant, has delivered over all the estate of the deceased, to the widow, who is entitled to the use of the same, during the minority of the children, he ought not to be made liable in the present suit.

That circumstance might be material in relation to the

damages, in a suit upon the bond for not rendering an account; but it can have no effect upon the present case. The object of the appeal, is, merely to correct a decree of the court, in determining the balance of estate in the hands of the defendant, at the time of the settlement, when that balance was not the true one. It is taken by one who is interested in that question, and who was no party to the subsequent arrangement made between the executors, and of course, cannot be affected by it.

*New-Haven,*
*July, 1851.*

We are therefore satisfied, that there is no error in the judgment of the superior court, reversing the decree of the court of probate.

The other Judges were of the same opinion, except CHURCH, Ch. J., who was absent.

Judgment affirmed.