JAMES H. BRUSH, JUDGE OF PROBATE, *vs.* PHILANDER BUTTON
AND ANOTHER.

An executor's account cannot be settled in the Superior Court in a suit on the probate bond.   The probate court is the only place where it can be done.

In a suit on a probate bond the breach charged was the non-payment of a residuary legacy.   The executor's account had never been settled.   The defendants claimed that a considerable portion of the property in the hands of the executor had been used in paying debts, and that a part of the assets had proved to be of little value, and that he had paid to the legatee the full sum to which he was entitled after making the above deductions.   Held that such deductions could not be settled and allowed in a suit on the probate bond.

DEBT on a probate bond, brought to the Superior Court, and tried, on an issue closed to the court, before *Minor*, *J.* The following facts were found by the court:

The defendants were the executors of the will of Darius Mead, and as such executed the bond in question on the 20th day of February, 1864.

There came into their hands as such executors, previously to the 25th of January, 1865, personal estate of the value of

$11,980.03, and, for certain real estate belonging to the estate, and sold by them as executors, the sum of $21,000 in cash. The testator, by his will, after giving certain specific money legacies, amounting to $1700, bequeathed to his grandson, Frederick B. Mead, one-third of one-fourth of the residue of his estate. The amount to which the said Frederick was entitled under the will on the 25th day of January, 1865, was $2,606.67, or one-twelfth of the assets as aforesaid, after deducting therefrom the specific money legacies of $1700.

The defendants have never at any time made any settlement of their administration account before the court of probate. Previously to the month of October, 1864, the said Frederick B. Mead was indebted to his mother, Maria Mead, in about the sum of $2,500, and some time in that month he by parol authorized one Charles Scribner to receive from the executors the amount that might be coming to him from the estate and pay the same over to his mother, of which authority the executors were duly notified, and pursuant thereto the said Scribner, on the 25th day of January, received from the executors the sum of $2000, and on the 27th day of January paid the same over to the said Maria Mead. Previously to the 11th day of April, 1865, the said Frederick was justly indebted to Kent & Co. in about the sum of $100,-000, and in consideration of this indebtedness, by written assignment bearing date the 11th day of April, 1865, conveyed and transferred to them all his interest in the estate, as legatee or otherwise; and on the 2d day of May, 1865, Kent & Co. notified the defendants as such executors of the assignment and demanded the payment of the said Frederick's share of the estate to them.

Upon the trial the defendants claimed, and offered to prove, that a portion of the estate, which was inventoried, consisted of book accounts against sundry persons due to the deceased at the time of his death, but which were uncollectable and of no value, and that the amount of the accounts was more than $1700, and that by reason of such accounts being uncollectable the amount of estate which came into their hands as executors was only $31,463.69, but this evidence,

upon objection made by the plaintiff, was rejected by the court.

The defendants also claimed, and offered evidence to prove, that the deceased owed at the time of his decease several thousand dollars in debts which were, within the time limited for the presentation of claims against his estate, presented to the defendants as executors, and which they were liable to pay, and which they had, prior to the time when the sum of $2000 was paid to the said Scribner for Maria Mead, paid and discharged; and also claimed, and offered evidence to show, that by reason of the accounts being uncollectable and of the payment of said debts, the interest of Frederick B. Mead in the residue of the estate was no more than the sum of $2,000; but the evidence so offered was rejected by the court.

The court found that the defendants were indebted to the plaintiff in the sum of $606.67, with interest from May 2, 1865, amounting to the sum of 752.27, for which amount judgment was rendered with costs.

The defendants moved for a new trial for error in the rulings of the court.

*Beardsley* and *J. W. Wilson*, in support of the motion.

*Treat*, with whom was *Bullock*, contra.

PARK, J.　For some unaccountable reason the defendants have neglected to settle their executors' account with the court of probate, which they could have done at any time before judgment was rendered in the present case, and that court would undoubtedly have made such deductions from the inventory as justice and right required. That was the proper place to settle their account, and by our law is the only place where it can be done, as will appear by an examination of the statute, and the repeated decisions of this court on the subject. General Statutes, 229, 409, 412; *Bacon* v. *Fairman*, 6 Conn., 121; *Pitkin* v. *Pitkin*, 7 id., 315; *Bailey* v. *Strong*, 8 id., 278; *Wattles* v. *Hyde*, 9 id., 10; *Beach* v. *Norton*, id., 182; *Cowles* v. *Whitman*, 10 id., 121. In the case of

*Atwater* v. *Barnes*, 21 Conn., 237, Judge Waite, in giving the opinion of the court, says, " The policy of our law requires that our probate records shall furnish all needful information relating to the estates of deceased persons, that heirs, credit- ors, and all others interested therein, may resort to them for the purpose of ascertaining their respective rights."

The defence made in this case is an effort on the part of the defendants to settle their executors' account in the Supe- rior Court; which could not have been done even if the case had been brought to that court on appeal from the decision of the court of probate in settling the account. All the Su- perior Court could do in such a case would be to reverse the decision of the court of probate, and send the case back to that court to be settled again. *Fairman's Appeal from Pro- bate*, 30 Conn., 205.

A new trial is not advised.

In this opinion the other judges concurred.