SANDHAM v. THE C., R. I. & P. R. R. Co.

DAVIS v. THE SAME.

1. **Railroads**: PASSENGERS: STOCK: COMPARATIVE DILIGENCE. A railroad company is not authorized to diminish the speed of a train for the sake of avoiding injury to stock, if by so doing it augments the danger to passengers. There is no such thing as a *reasonable* increase of danger to passengers. BECK, J., *dissenting*.

2. ———: ———: ———: DEGREES OF CARE. Railroad companies must exercise ordinary care to avoid injury to stock; to protect passengers, they are bound to the exercise of extraordinary care.

*Appeal from Madison Circuit Court.*

THURSDAY, MARCH 19.

THESE are actions to recover for the killing of two horses, one belonging to each plaintiff, by an engine on the defendant's railroad. The same facts are presented in each case, both animals having been killed at the same time and place.

There was a verdict and judgment in each case for plaintiff. Defendant appeals.

*Gatch, Wright & Runnells*, for appellant.

*B. F. Murray* and *S. G. Ruby*, for appellees.

MILLER, CH. J. Both of these cases grew out of the same casualty and involved the same questions. They have therefore been submitted and determined together.

On the trial, defendant's counsel excepted to certain instructions given to the jury, among which are the following:

"7. It was the duty of the engineer in charge of the train on approaching the crossing, to see whether or not any stock was on the crossing or in the vicinity of the crossing, and as far as possible with the usual means at his command, to prevent any injury to stock that may have been on the crossing, or in the vicinity thereof."

"15. If the jury find from the evidence that the engineer did not use ordinary care in looking out along the highway adjacent to the crossing, and that if he had he might have avoided the injury either by stopping the train or checking the speed, without incurring the risk of injury to passengers, then the jury will find for the plaintiff."

"16. But if the jury find that the engineer did not use ordinary care in looking out, and further find that if he had used such care he could not have avoided the injury either by stopping the train in time, or by checking the speed, without increasing the danger to his passengers to an unreasonable extent, then the jury will find for defendant."

The last of the above instructions is clearly erroneous. It was the paramount duty of the engineer to look to the safety of the passengers on his train, and his duty to avoid injury to the animals of the plaintiff was subordinate to the former. *Louisville & Frankfort R. R. Co. v. Ballard*, 2 Met. (Ky.) 177. Human life is of greater value than that of a domestic beast; besides this, railroad companies owe duties to the passengers on their trains arising out of the contract relations between them that do not exist in respect to animals straying upon the railroad track. The engineer therefore was not authorized, much less required, to stop his train or check its speed, if by so doing the danger to the passengers was made greater than it would have otherwise been. He was not authorized to increase the danger to his passengers, in order to avoid injury to the horses of plaintiff. This the instruction required him to do. True, it did not require him to increase the danger to the passengers to what is called an unreasonable extent, but it conveyed the idea to the jury that to avoid injury to the horses the engineer might increase the danger to the passengers to some extent which might be reasonable; whereas, to increase it for such purpose to any extent whatever, would be not only unreasonable, but unlawful in the sense that it would have been a violation of a duty which he owed to the passengers. Under the circumstances stated there could have been no such thing as a *reasonable* increase of danger to the passengers on the

*1. RAILROADS: passengers: stock: comparative negligence.*

train. The terms are contradictory. To have increased the danger in any degree would have been unreasonable.

The seventh instruction partakes to some extent of the same error as the one we have been considering, and standing alone, would be erroneous, but it is perhaps cured by other instructions given. The sixteenth, which we have been discussing, is not cured by any of the other instructions. The only one which it is claimed explains or modifies it, is the eighth, as follows:

" 8. And if the jury find that the train was a mixed one, partly made up of freight cars and partly of passenger cars, then the duty of the engineer would have been to exercise his watchfulness more with a view to the safety of the passengers, than with a view to the safety of stock on the highway approaching the crossing. At the same time, however, he should have exercised ordinary care, both to protect his passengers and to avoid injury to stock that might be near to, or approaching the crossing."

This instruction, in effect, exacts the same degree of care at the hands of the engineer " to protect his passengers and to avoid injury to stock " on the crossing, namely, ordinary care, whereas a higher degree of care is required toward passengers.

2. ——:——: degrees of care required. Not ordinary, but extraordinary diligence is required as to passengers, and the company is responsible for the utmost care and watchfulness, and answerable for the smallest negligence. *Aston v. Heaven*, 2 Esp. 533; *Christie v. Griggs*, 2 Camp. 79; *Harris v. Costar*, 1 Carr. & P. 636; *Sharp v. Grey*, 9 Bing. 457; *S. P. Frink v. Potter*, 17 Ill. 406; *Stokes v. Saltonstall*, 13 Pet. (U. S.) 181; *Fuller v. Naugatuck R. R.*, 21 Conn. 557; *Hall v. Conn. Riv. Steamboat Co.*, 13 Conn. 319; *Camden & Amboy R. R. v. Burke*, 13 Wend. 611, 626; *McKinney v. Niel*, 1 McLean, 540; *Maury v. Talmadge*, 2 McLean, 157; *Stockton v. Fry*, 4 Gill. 406; *Hollister v. Nowlen*, 19 Wend. 234; *Derwort v. Loomer*, 21 Conn. 244; *Hunt v. The Northwestern R. R. Co.*, 26 Iowa, 363; *Phil. & Read. R. R. Co. v. Derby*, 14 How. (U. S.) 468, 485.

The questions made upon other instructions given, and as to the sufficiency of the evidence to establish the fact of negligence on part of the defendant, we need not discuss or pass upon; as, for the error in giving the sixteenth instruction, the judgment must be REVERSED.

BECK, J., dissenting. In my opinion the judgments in these cases ought to be affirmed.

The ground of objection to the sixteenth instruction is that it holds the engineer authorized, in order to avoid the accident resulting in the destruction of the horses, to increase the danger to the passengers to some extent; that is, if he could not have stopped the train "without increasing the danger to his passengers to an unreasonable extent," he was not negligent. It is insisted that if the act of checking the cars increased the danger to the passengers at all, the engineer was not required to attempt it. But it cannot be doubted that if it could have been done in the exercise of proper care for the passengers, though the danger to them had been increased not beyond the bounds of prudence and caution demanded by the law for their protection, his duty required him to make the attempt. The unreasonable extent to which he is forbidden by the instruction to increase the danger to passengers, is that beyond the limit demanded by the care and prudence he was required to exercise by the law toward them.

The eighth instruction is doubtless objectionable, as it does not require a sufficiently high order of diligence for the safety of the passengers. But this error could not have affected prejudicially the rights of defendant at the trial.

Upon these grounds I am unable to concur in the foregoing opinion.