THE FIRST NATIONAL BANK AND TRUST COMPANY, ADMINISTRATOR D. B. N., C. T. A. (ESTATE OF LAURA B. HUBBARD) *v.* DAVID J. McCOY ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 3d—decided March 2d, 1938.

*Samuel J. White,* with whom, on the brief, was *Robert J. Woodruff,* for the appellant (plaintiff).

*Morris B. Straka,* for the appellee (named defendant).

*Ellsworth B. Foote,* with whom was *John Clark FitzGerald,* and, on the brief, *David E. FitzGerald,* for the appellees (defendants Walsh et al., executors).

HINMAN, J. The complaint alleged that the named defendant was executor of the will of Laura B. Hubbard and, with the other defendant as surety, gave the bond in suit; that he received assets of the estate (found in this action to amount to $4714.46); that he failed to render an accounting to the Court of Probate, was removed as executor and the plaintiff appointed administrator d. b. n., c. t. a.; that the estate was entirely wasted by this defendant so that no assets have come into the hands of the plaintiff; and that this action is brought for the benefit of unpaid creditors and legatees. The defendants each filed, in addition to an answer raising the general issue, a special defense setting forth numerous payments alleged to have been made to creditors and legatees and for expenses which were alleged to have been necessary in

the proper administration of the estate. On the trial the court, under this defense, determined as to the propriety of each of the payments so alleged and allowed credits for expenditures amounting to $4827.80, being $113.34 in excess of the amount of assets received by the executor, and rendered judgment for the plaintiff for $133.80, only, being the amount of two unpaid claims which it held should have been satisfied prior to the payments made to residuary legatees.

Section 5669 of the General Statutes provides that in an action on a penal bond "such damages only shall be assessed as are equitably due, and judgment shall not be rendered for the whole penalty, unless it shall appear to be due." The trial court construed this provision as meaning, as applied to the present action, that credits to the defendant were not to be confined to expenditures authorized or approved by the Court of Probate but that the Superior Court could and should, in this action, determine what expenditures had been justifiably made by the executor, and accordingly allowed the defendants credits for payments which it found had been reasonably incurred for the proper administration of the estate. The correctness of this construction and of the resultant ruling is decisive of the present appeal.

The object of the quoted provision of § 5669 of the General Statutes, and the extent of its operation, is that obligors upon penal bonds shall not be held to pay the whole penal sum specified, regardless of what may be justly due, but only the amount so due. *State v. Thresher,* 77 Conn. 70, 79, 58 Atl. 460; *New Britain v. New Britain Telephone Co.,* 74 Conn. 326, 331, 338, 50 Atl. 881. We find nothing in the statute or in the cases in which it has been involved which liberalizes or affects the established rules pertaining to determination as to what sums are in fact justly due.

Under the complaint in the present action, the amount recoverable primarily would be the value of the assets received by the named defendant as executor, which were alleged to have been entirely wasted by him. In order to reduce the damages it was incumbent upon the defendants to show disbursements allowable as credits against the ascertained amount of the assets with which the named defendant was chargeable as executor. Cleaveland, Hewitt & Clark, Connecticut Probate Law and Practice, p. 100; *Prindle* v. *Holcomb,* 45 Conn. 111; *State ex rel. Hartford-Connecticut Trust Co.* v. *United States Fidelity & Guaranty Co.,* 105 Conn. 230, 239, 135 Atl. 44. It was to this end that the defendants filed the special defense setting forth payments alleged to have been made by the executor for and on account of the estate. In *Prindle* v. *Holcomb,* it was said (p. 122), and often has been repeated in substance in other cases, that "executors and administrators are charged with the duty of settling estates, over which Courts of Probate have sole and exclusive jurisdiction. It is important that the probate records should show all the proceedings relating to such settlements; hence the necessity of requiring administrators' accounts to be settled in that court." See also *Atwater* v. *Barnes,* 21 Conn. 237, 242, 243. In *Wattles* v. *Hyde,* 9 Conn. 10, 14, it was held that in an action on a probate bond the executor or administrator could not bring in by way of set-off claims—in that case for labor, time, and expenditures in raising produce upon a farm in his charge as executor—which are properly cognizable by the Court of Probate. "This court has uniformly refused to allow the account of an executor or administrator to be settled in the Superior Court . . . upon a suit on the administration bond. . . . The Court of Probate alone has jurisdiction of the settlement of

estates, including necessarily the settlement and allowance of the administrator's account." *Davenport* v. *Olmstead*, 43 Conn. 67, 75. In that case, and in *Prindle* v. *Holcomb*, supra, the principle stated in *Wattles* v. *Hyde*, supra, was recognized as to credits claimed by an administrator or executor, although the former held guardians, and the latter testamentary trustees, to be distinguishable.

In *Brush* v. *Button*, 36 Conn. 292, 294, an action on a probate bond, the defendants sought to obtain credit, against the amount of the inventoried assets, for accounts claimed to be uncollectible and for claims paid, but no settlement of administration account had been had in the Court of Probate. In sustaining rejection of evidence as to these claimed credits, this court characterized the defense as an inadmissible effort by the defendants to settle their account in the Superior Court. "The defendants have neglected to settle their executors' account with the Court of Probate, which they could have done at any time before judgment was rendered in the present case, and that court would undoubtedly have made such deductions from the inventory as justice and right required. That was the proper place to settle their account, and by our law is the only place where it can be done." The Superior Court cannot exercise a primary jurisdiction which by the statute is reposed in the Courts of Probate. It can settle an account only on an appeal from doings of the Court of Probate and then only so far as it can without exercising a power vested exclusively in the Court of Probate. *Reiley* v. *Healey*, 122 Conn. 64, 78, 187 Atl. 661; *State* v. *Blake*, 69 Conn. 64, 78, 36 Atl. 1019; *Clement* v. *Brainard*, 46 Conn. 174, 177; *Mathews' Appeal*, 72 Conn. 555, 560, 45 Atl. 170; *Bacon* v. *Fairman*, 6 Conn. 121, 128. We do not find that the principle stated in *Wattles* v. *Hyde*, supra,

and *Brush* v. *Button,* supra, has been abrogated or impaired by any subsequent cases. In *State ex rel. Raskin* v. *Schachat,* 120 Conn. 337, 180 Atl. 502, there was no occasion for resort to it and it appears from the record (Vol. A-74, Supreme Court Records and Briefs, p. 180 et seq.) that it was not invoked, nor was it in *State* v. *Howarth,* 48 Conn. 207, and *State* v. *Thresher,* supra. Therefore, in order to be available to the defendants in a suit on a probate bond, credits such as those claimed in the present action must have been authenticated by the Court of Probate through a settlement there of the executor's account, or on appeal from the action of that court thereon.

The result is that the trial court was in error in adjudicating upon the expenditures claimed as credits by the defendants. As pointed out in *Brush* v. *Button,* supra, the executor might have settled his account in the Court of Probate at any time before the present action came to trial, and it is undoubtedly within the power of the court in which such an action is brought, in the reasonable exercise of its discretion, to continue the case until the executor has had opportunity to obtain such a settlement of his account.

There is error and a new trial is ordered.

In this opinion the other judges concurred.