HELEN S. HAMMER v. ANNA SHULICK

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 65996

Memorandum filed January 15, 1946.

William Fox Geenty, of New Haven, for the Plaintiff.

FitzGerald, Foote and FitzGerald, of New Haven, for the Defendant.

CORNELL J. The complaint recites in substance that defendant was appointed guardian "of the estates of plaintiff and her brother," by the Court of Probate for the district of New Haven on September 12, 1938; that she "accepted said trusts" and gave a bond for their faithful performance; that a portion of the estate which came into her possession was a one-half interest in the proceeds of a life insurance policy issued upon the life of a deceased uncle in the sum of $1,995.14, together with an additional sum of $1200, paid over to her sometime after her appointment, representing a gift from an uncle; that plaintiff attained the age of twenty-one years on October 8, 1944, but defendant has never filed an inventory of the funds intrusted to her nor any account, final or otherwise, of her administration of the estate from the date of her appointment to that of the commencement of the instant action, viz., January 25, 1945, and has refused, and continues to do so, to surrender the estate to plaintiff. The relief demanded is "(1) an accounting; (2) judgment for the amount found due on such an accounting; (3) $3000 damages and (4) such other and further relief as in equity appertains." The several particularized reasons upon which the motion to dismiss for lack of jurisdiction is based may be condensed into two, namely (a) that the Court of Probate has exclusive jurisdiction "in the first in-

stance" to surcharge a guardian on her bond for "alleged misappropriation by and misconduct of a guardian of the estate of a minor ward," and (b) that, since the aggregate principal sum alleged to have come into defendant's hands as guardian is not more than $2197.57, this court is without jurisdiction of the cause under the provisions of General Statutes, Sup. 1941, §813f.

As concerns the first of these, the cause of action alleged in the complaint is palpably one for the recovery of damages from a fiduciary by reason of the latter's default in failing to deliver the estate of which she has possession to plaintiff. The accounting prayed for is for the purpose of determining the value of such estate so that the damages to which plaintiff may be entitled may be thus ascertained. It is consequently merely ancillary to the principal relief sought, which latter, to repeat, is the recovery of damages. Such an action, whether against the guardian or her bondsman or both, is clearly within the jurisdiction of this court. It is equally evident that the final accounting asked cannot be had in this action or in this court but only in the Court of Probate that appointed the defendant guardian. General Statutes, §§4962, 4975, 4976; see *First National Bank & Trust Co.* v. *McCoy,* 124 Conn. 111, 114 116.

The fact that the plaintiff may not be entitled to this relief is, of course, not a consideration which impugns the jurisdiction to decide the cause. The motion to dismiss for lack of jurisdiction of the cause cannot be employed as a substitute for either a demurrer or other pleading. *Regali* v. *Holmes,* 111 Conn. 663, 665. In a somewhat analogous situation, on principle, it was said: " . . . and it is undoubtedly within the power of the court in which such an action is brought, in the reasonable exercise of its discretion, to continue the case until the executor has had opportunity to obtain such a settlement of his account" —indicating no lack of jurisdiction of the cause but recognizing its infirmities. *First National Bank & Trust Co.* v. *McCoy,* supra, 116.

The other reason upon which the motion proceeds is, in effect, that this court is without power to entertain the action because the amount involved is below the pecuniary limit of its jurisdiction. The rule is that unless the complaint shows that the maximum collectible under its allegations is less than the amount claimed in the ad damnum clause and, as such,

below the minimum jurisdiction of this court, the latter is determinative of its pecuniary jurisdiction. *Newtown* v. *Danbury*, 3 Conn. 553, 558; *Lockwood* v. *Knapp*, 4 Conn. 257, 258. In the present instance, the damages demanded are $3000, which is well within the jurisdiction of the Superior Court. Since the amount recoverable can only be disclosed by the settlement of defendant's final account in the Court of Probate and this may show the estate belonging to plaintiff to exceed the principal sums originally placed in the defendant's custody, there is obviously nothing in the complaint to indicate that this court is lacking in jurisdiction of the matter in demand. In view of these conclusions there is no occasion to consider whether or not the provisions of General Statutes, Sup. 1941, §813f, are effective to limit the jurisdiction of the Superior Court in an action of this kind, as mentioned in argument.

The motion to dismiss is denied.