[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff instituted the present action against her sister, the defendant, asserting that the defendant, before and after the death of their mother, obtained personal property and that the inventory of the mother's estate, then pending, did not include the items of personal property. The plaintiff asserts various claims including fraud and conversion. The plaintiff seeks monetary damages and a return of all personal property converted from their mother and from the estate of their mother.
While the complaint seeks general equitable relief there is no claim that any decree of the Probate Court should be set aside as being obtained by fraud. See Folwell v. Howell, 117 Conn. 565
(1933).
The defendant has moved to dismiss the action asserting that the exclusive jurisdiction of the matters asserted is in the Probate Court and that the Superior Court does not have subject matter jurisdiction. Both parties have submitted uncertified documents from the Probate Court to advance their respective positions. However neither party has asserted that the documents are not genuine and the Court therefore treats the documents submitted by both parties as being properly submitted with respect to the Motion to Dismiss.
It appears that both the plaintiff and the defendant were co-fiduciaries at one time but were removed and an independent administrator appointed.
The Probate documents submitted by the parties establishes that the Probate Court, for the District of West Haven accepted the Final Account over objection and ordered distribution of the estate. The Order was entered on March 25, 1993 and no appeal was taken from that Order. The Addendum to the Probate Court Decree states:
 "The Court after hearing the testimony, including the cross-examination, rules that the exclusion of the jewelry by the administrator is proper and therefore not to be included in the inventory or the final account." CT Page 5947
There is no claim made by the plaintiff that the Probate Court Decree was obtained by fraud and the only claim asserted is that the jewelry as personal property should have been included in the inventory and in the final account but was not so included.
The Superior Court has original jurisdiction for all causes of action except those actions over which the Court of Probate has original jurisdiction. General Statutes § 51-164s. The Probate Court has jurisdiction of the settlement of estates. General Statutes § 45a-98. "The Superior Court cannot exercise a primary jurisdiction which by statute is reposed in the Courts of Probate. It can settle an account only on appeal from doings of the Court of Probate and then only so far as it can without exercising a power vested exclusively in the Court of Probate." First National Bank Trust v. McCoy, 124 Conn. 111,115 (1938). "The Probate Court by virtue of its long standing statutory authority, has exclusive subject matter jurisdiction over matters involving the validity of wills and the settlement of estates . . . the Superior Court, in equitable proceedings, has the power to grant relief against Probate judgments only if it `concludes that the probate decree attacked is, or at least should be treated as, void because of fraud, mistake or a like equitable ground.'" Dunham v. Dunham, 204 Conn. 303, 328 (1987) (citations omitted). "The Superior Court is without jurisdiction to entertain an appeal from Probate unless the appeal complies with the conditions designated by statute as essential to the exercise of this power." Bergin v. Bergin 3 Conn. App. 566, 568
(1985) cert. den. 196 Conn. 806 (1985). In the present case no appeal was taken from the Probate Decree and therefore a Superior Court is without jurisdiction to entertain the claims alleged by the plaintiff.
The plaintiff argues that there is general language allowing the Superior Court to undertake jurisdiction where there is fraud or collusion. However, in the present case there is no fraud or collusion alleged in obtaining the Probate Decree. The only fraud and collusion alleged is against the defendant with respect to personal property that was specifically decided by the Probate Court as to whether that Court should or should not be included in the inventory or in the final account.
Accordingly, the Motion to Dismiss the action is hereby granted. CT Page 5948
RUSH, J.