Harry Silverstone, Administrator (Estate of
Mary C. Joyce) *v.* Charles A. Lillie et al.,
Executors (Estate of Winchell Smith),
et al.

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued February 3—decided March 16, 1954

*Harry Silverstone,* with whom, on the brief, was *Jonathan Silverstone,* for the appellant (plaintiff).

*J. Harold Williams,* for the appellees (defendants Lillie et al., executors).

*George Cutler* appeared for the Phoenix State Bank and Trust Company, administrator c.t.a. of the estate of Sally Genung.

O'SULLIVAN, J. This matter came to the Superior Court as an appeal from an order of the Probate Court for the district of Farmington reopening the commission of commissioners on the insolvent estate of Sally Genung, deceased. The object of the order was to enable the commissioners to readjudicate two claims previously heard and allowed by them. The Superior Court dismissed the appeal, and from its judgment the plaintiff has appealed to this court.

The following facts are unchallenged: On November 5, 1929, the Probate Court for the district of Farmington admitted to probate the will of Sally Genung, who had died on the preceding September 20. The court appointed an administrator c.t.a. on the estate and limited six months for the presentation of claims. Within that time four claims, in the amounts of $3000, $75, $410 and $1035, were presented on behalf of Winchell Smith. Smith died in 1933, and the defendants Charles A. Lillie and the Phoenix State Bank and Trust Company qualified, and are now acting, as coexecutors of his will. On May 20, 1947, upon the administrator's representation that the estate of Sally Genung was insolvent, the Probate Court appointed commissioners to receive and pass upon all claims against that estate. Thereupon the administrator, who had neither allowed nor disallowed any of the claims submitted to him, turned all of them over to the commissioners. They held hearings and, on May 27, 1948, filed a report wherein the Smith claims of $3000, $75 and $410 were allowed but the claim of $1035 was disallowed. The Probate Court accepted the report.

On June 18, 1948, the plaintiff, administrator of the estate of Mary C. Joyce, a legatee under the will of Sally Genung, took appeals from the doings of the commissioners in allowing the claims of $3000 and $75. These appeals were returned to the Superior Court on the first Tuesday of September, 1948. In each appeal the coexecutors of the Smith will entered their appearance and filed a statement of claim. There were no further proceedings in the Superior Court until May 4, 1951, when both appeals, on the annual call, were stricken from the docket; neither of the parties made any subsequent effort to restore them.

Some time later, the administrator on the Genung estate filed in the Probate Court an administration account in which provision was made for the payment of the Smith claims of $3000 and $75. At the hearing on the account, on December 18, 1951, the plaintiff objected to its allowance so far as it provided for payment of these claims. The Smith coexecutors then sought and obtained a continuance of the hearing and, on April 3, 1952, filed a motion to reopen the commission of the commissioners for the purpose of obtaining a readjudication of the challenged claims of $3000 and $75. On July 2, 1952, the Probate Court granted the motion and entered its order reopening the commission for the purpose stated in the motion. The sole question presented to us on this appeal is whether the Superior Court was correct in holding that the Probate Court had the power to enter such an order.

An appeal from the doings of commissioners is not in any sense an appeal from probate. *Tolles' Appeal,* 54 Conn. 521, 524, 9 A. 402. An appeal of the latter type does not vacate or suspend the decree appealed from. The decree remains wholly unaffected until modified or set aside by the Superior Court. *Avery's Appeal,* 117 Conn. 201, 205, 167 A. 544; *White* v. *Strong,* 75 Conn. 308, 312, 53 A. 654; *Dickinson's Appeal,* 54 Conn. 224, 231, 6 A. 422; 1 Locke & Kohn, Conn. Probate Practice, p. 420. Consequently the erasure of the appeal, whether from a trial on the merits or for failure to comply with the rules of practice, leaves the decree in full force. *Livingston's Appeal,* 63 Conn. 68, 75, 26 A. 470.

On the other hand, an appeal from the doings of commissioners produces an entirely different result. It vacates so much of the doings as disposes of the particular claim prompting the appeal. *Cothren's*

*Appeal,* 59 Conn. 545, 548, 22 A. 297; *Olmstead's Appeal,* 43 Conn. 110, 120. The appeal nullifies the commissioners' decision as completely as if it had never been rendered, imposes upon the claimant the necessity of proving his claim in the Superior Court, and throws upon that court the task of hearing the matter de novo. *Cothren's Appeal,* supra; *Fourth Ecclesiastical Society* v. *Mather,* 15 Conn. 587, 600.

The two appeals taken by the plaintiff as administrator vacated the commissioner's decision allowing the Smith claims under discussion, and the action of the Superior Court in erasing the appeals on the annual call of the docket made it impossible to pass upon the merit of the claims unless the appeals were restored to the docket. Such a restoration might have been requested by the Smith coexecutors under the rules of practice then in force. Practice Book, 1934, § 192. Their failure to take this step within the time limited by the Superior Court destroyed every possibility of having the claims passed upon by the only tribunal which, at that stage of the proceedings, was legally competent to do so. The General Assembly has prescribed the method for a creditor to pursue if he wishes to procure the allowance of his claim against an insolvent estate. See General Statutes §§ 6999, 7002, 7003, 7005, 7074. If he does not follow that procedural method to a successful conclusion, he has failed to prove his claim. The neglect of the coexecutors to secure judgments on the two appeals was a failure to prove the claims of their decedent, Smith, and consequently the claims fall into the category of those not allowed.

The Probate Court has only such power as has been expressly or by necessary implication confer-

red upon it. *Potter* v. *Alcorn,* 140 Conn. 96, 100, 99 A.2d 97. In reopening the commission of commissioners, it was attempting to authorize a method of adjudication contrary to that established by the legislature. In so acting, the Probate Court exceeded any express or implied power conferred upon it, and the Superior Court was in error in holding to the contrary.

There is error, the judgment is set aside and the matter is remanded to the Superior Court with instructions to render judgment sustaining the appeal.

In this opinion the other judges concurred.