ROBERT W. OWENS, JR., EXECUTOR (ESTATE OF MARY E. MORRIS, JR.), ET AL. *v.* HAZEL J. DOYLE

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 3584
AT STAMFORD

Memorandum filed October 17, 1961

*Cressy, Melvin & Carter,* of Stamford, for the plaintiffs.

*Pelgrift, Dodd & Blumenfeld,* of Hartford, for the defendant.

DEVLIN, J. On July 10, 1959, Mary E. Morris died, leaving a will dated November 10, 1955, and two codicils, dated July 17, 1957, and November 8, 1958. All were admitted to probate by the Probate Court for the district of Westport on September 10, 1959. The named plaintiff, one of the appellants, qualified as the sole executor. Subsequently, the defendant filed an application for admission to probate of an alleged codicil dated December 2, 1958, and for a commission to take depositions. After a motion to dismiss was filed, she amended her application, asking for probate of the instrument as a will rather than as a codicil. Thereafter, the plaintiffs filed another motion to dismiss, and on June 3, 1960, the Probate Court denied the plaintiffs' motion to dismiss. The judge of probate denied plaintiffs' motion for an appeal on the ground they were not aggrieved parties, but in a separate mandamus action this claim was overruled. *Robert W. Owens, Jr.* v. *Earl H. Jagoe,* Superior Court, Fairfield County at Stamford, No. 2784. The present appeal resulted.

In this motion to erase, the defendant challenges the jurisdiction of this court, claiming, under General Statutes § 45-4, that the Probate Court has the exclusive power of admitting or rejecting wills offered for probate and that, in entertaining this

appeal, if this court should find for the plaintiff, it in effect determines that the will offered by the defendant is inadmissible, with no evidence having been heard in the Probate Court.

The plaintiffs contend such a claim fails to recognize the meaning and application of original jurisdiction, and make a distinction between the powers of the Probate Court before passing a decree admitting a will to probate and its powers after such a decree. It is their claim that upon the admission of the will to probate on September 10, 1959, the jurisdiction of the Probate Court over the decedent's will "was forever exhausted and terminated" and that its only powers are to be found in General Statutes §§ 45-20 and 45-186.

The former has no application here. The latter provides: "When it appears to any court of probate, pending proceedings before it for the settlement of the estate of a deceased person as a testate estate, that the will under which such proceedings were commenced and have been continued had been revoked by the testator by a subsequent will or by the marriage of the testator or by the birth or adoption of a child, such court shall have power to revoke, annul and set aside any order or decree proving or approving the will so revoked and any other order or decree made and passed by such court in the settlement of such estate under such will. Such court may thereafter proceed with the settlement of such estate under a subsequent will if there is one or, if there is no subsequent will, may grant administration on the estate of such deceased person and proceed with the settlement of such estate as an intestate estate upon such notice to all parties in interest as such court orders." It is argued this section has no application because "it appears on the face of the record that the alleged later will is not and cannot possibly be a will, and that, even if it were a will, it neither expressly

nor by implication revoked the will already admitted," and "even if it were a will and the Probate Court had the power to admit it, nevertheless the Court would not have the power to modify the decree of September 10, 1959."

The statute seems quite clear. It applies where the will under which such proceedings were commenced has been revoked by a subsequent will. A will can be revoked by a later instrument only if such later instrument is executed in accordance with General Statutes § 45-161, regulating the making and execution of wills. *Harchuck* v. *Campana,* 139 Conn. 549, 554. And the Probate Court is the only tribunal competent to decide the question of the due execution of a will. *Fortune* v. *Buck,* 23 Conn. 1, 8. The Superior Court cannot exercise a primary jurisdiction which by statute is reposed in the Court of Probate. *First National Bank & Trust Co.* v. *McCoy,* 124 Conn. 111, 115.

The defendant is entitled to have a hearing before the Probate Court on the question whether the purported instrument complies with our statutes. If it does, and also satisfies the requirements of our law on revocation of a prior will, then the Court of Probate has the power "to revoke, annul and set aside any order or decree proving or approving the will so revoked and any other order or decree made and passed by such court in the settlement of such estate under such will." § 45-186. The statute is very broad and is not limited to ex parte decrees. Claim is made that the case of *Delehanty* v. *Pitkin,* 76 Conn. 412, settles the law on this point in holding a court of probate has no such power. The facts, however, are entirely different. Section 45-186 refers to "pending proceedings before it," and in the cited case the action was started two years after the estate was distributed and finally settled.

The motion is granted.