GLORIA DICHELLO HALL, EXECUTRIX (ESTATE OF JOHN F. DICHELLO) *v.* DICHELLO DISTRIBUTORS, INC., ET AL.
(4243)

HULL, SPALLONE and DALY, Js.

Argued January 17—decision released March 25, 1986

*Jules Lang* and *Taggart D. Adams,* with whom, on the brief, was *Ira B. Grudberg,* for the appellants (named defendant et al.).

*John C. Yavis, Jr.,* with whom were *George A. Dagon, Jr.,* and *Geraldine A. Lupoli,* for the appellee (plaintiff).

HULL, J. In this action, the defendants, Dichello Distributors, Inc. (DDI), James Dichello and Burton Zempsky,[1] appeal from a judgment of the Superior Court requiring Zempsky to turn over to the plaintiff certain shares of stock in DDI, a corporation which distributes beer for Anheuser Busch. The defendants raise numerous grounds of error all primarily concerning the Superior Court's jurisdiction over the action and the procedures it used in reaching its decision. We conclude that the defendants' claims are without merit, and, accordingly, we find no error.

A brief summary of the undisputed facts and certain of the trial court's conclusions and orders is necessary

---

[1] The defendant John Dichello, Jr., has not joined in this appeal.

as a background for our consideration of the issues raised in this appeal. On July 21, 1979, John F. Dichello (Dichello, Sr.), who, with his brother, James, began DDI, died. The bulk of the decedent's estate, which passed into a two part testamentary trust, consists of shares of common stock which constitute a 50 percent interest in DDI. The remaining shares are owned by James Dichello.

Zempsky and John Dichello, Jr. (Dichello, Jr.), were appointed coexecutors and cotrustees under the decedent's original will and the stock was transferred to them in their fiduciary capacities. In 1984, the plaintiff, Gloria Dichello Hall, and her mother, Mildred Dichello, offered for probate a later will than that under which Zempsky and Dichello, Jr., were appointed. The Probate Court admitted that will which appointed Hall sole executrix and trustee. Zempsky and James Dichello, however, refused to recognize Hall's ownership of the 50 percent of the shares of DDI. While Zempsky and Dichello, Jr., delivered to Hall all of the other assets of the decedent's estate, Zempsky refused to deliver the stock certificates to Hall and to have them registered in her name.[2]

Zempsky, in *Zempsky's Appeal from Probate,* 6 Conn. App. 521, 506 A.2d 1050 (1986), the companion to this case, appealed the Probate Court's action, which in effect removed him as executor and trustee, to the Superior Court. The court dismissed the case finding that it did not have jurisdiction over Zempsky's appeal because he had not shown aggrievement by the decrees of the Probate Court as required by General Statutes §§ 45-288 or 45-293. Today, we affirmed that judgment.

On September 13, 1984, Hall commenced this action against DDI, James Dichello, Zempsky and Dichello,

---

[2] Under General Statutes § 42a-8-102, the stocks involved in this case are "certificated securities."

Jr.[3] seeking delivery and recording of the appropriate shares of stock, various forms of permanent injunctive relief, other proper legal or equitable relief, and damages. On November 5, 1984, DDI filed a motion to stay on the ground that the question of who was the proper fiduciary was on appeal to this court in the companion case of *Zempsky's Appeal from Probate,* supra. That motion was denied. On January 30, 1985, DDI filed a motion to dismiss on the grounds that the Probate Court and not the Superior Court had jurisdiction over the case. That motion was also denied. After trial, the court ruled in favor of Hall and rendered a partial judgment granting equitable relief on May 25, 1985. The court ordered that Zempsky and Dichello, Jr., deliver the stock certificates to Hall, that the corporation register the transfer of the certificates in the name of Hall in her fiduciary capacity, and that the corporation deem Hall to have been a shareholder of record as of September 13, 1984. The court ordered certain other relief designed to protect Hall's rights as a shareholder and to preserve the corporate and financial status quo. This judgment left the question of damages open. On June 10, 1985, a joint appeal was initiated by all the defendants except Dichello, Jr.[4] The parties thereafter requested and were granted a stay of execution of the judgment pending the resolution of this appeal. On

[3] The defendant Dichello, Jr., has not opposed Hall's request. He is a defendant in a technical sense only since he is secretary of DDI.

[4] A judgment of liability only is not generally final; the appeal must wait until after the hearing in damages. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 84, 495 A.2d 1063 (1985). In this case, however, the damages sought are clearly separable from the equitable relief sought. The damages are so separate, in fact, that the lower court refused to award them, holding that the plaintiff's request for damages was actually in the nature of a request for reimbursement of attorney's fees incurred in the prosecution of this action. Because the nature of the damages sought here is so different from those in a liability context, and is so separable from the cause of action, this case is distinguishable from *Stroiney* v. *Crescent Lake Tax District,* supra. Accordingly, we find that the judgment appealed from is a final judgment.

July 11, 1985, the court rendered a second judgment denying Hall's claim for damages and setting forth the conditions of the stay.

## I

### WHETHER THE TRIAL COURT ERRED IN FINDING THAT IT HAD JURISDICTION OVER THE PLAINTIFF'S ACTION

The defendants first claim that the Superior Court's decree violates the statutory division of jurisdiction between the Probate Court and the Superior Court. Their argument relies on three statutes: General Statutes § 45-4 which recites the general powers of Probate Courts;[5] General Statutes § 45-265 which provides in part that "[a]ny court of probate, after the removal of any fiduciary and the appointment of a successor fiduciary, may enforce the delivery to the successor fiduciary of any estate held by the former fiduciary by virtue of his original appointment in the *same manner as a court of equity might do*" (emphasis added); and General Statutes § 51-164s which provides in part that "[t]he superior court shall be the sole court of original jurisdiction for all causes of action, *except such actions over which the courts of probate have original jurisdiction, as provided by statute.*" (Emphasis added.)

The defendants also rely on three cases for the undoubted proposition stated in *First National Bank & Trust Co.* v. *McCoy,* 124 Conn. 111, 115, 198 A. 183

---

[5] General Statutes § 45-4 provides: "GENERAL POWERS. Courts of probate in their respective districts shall have the power to grant administration of intestate estates of persons who have died domiciled in their districts and of intestate estates of persons not domiciled in this state which may be granted as provided by section 45-195, to admit wills to probate of persons who have died domiciled in their districts or of nondomiciliaries whose wills may be proved in their districts as provided in section 45-170, to call executors, administrators, trustees, guardians and conservators to account concerning the estates entrusted to their charge, and to make any lawful orders or decrees to carry into effect the power and jurisdiction conferred upon them by the laws of this state."

(1938), that "[t]he Superior Court cannot exercise a primary jurisdiction which by the statute is reposed in the Courts of Probate." In that case, which involved the settlement of an executor's account with the Probate Court, our Supreme Court, quoting *Brush* v. *Button,* 36 Conn. 292, 294 (1869) stated that: "[the Probate Court] was the proper place [for the executors] to settle their account, and by our law is the only place it can be done." *First National Bank & Trust Co.* v. *McCoy,* supra. The Superior Court "can settle an account only on an appeal from doings of the Court of Probate and then only so far as it can without expressing a power vested *exclusively* in the Court of Probate." (Emphasis added.) Id. In *LaBella* v. *LaBella,* 134 Conn. 312, 57 A.2d 627 (1948), also relied on by the defendants, the Supreme Court found that the Superior Court did not have jurisdiction in a divorce proceeding over the decision concerning custody of a child who was not issue of the marriage. Finally in *Owens* v. *Doyle,* 23 Conn. Sup. 100, 103, 177 A.2d 465 (1961), modified, 152 Conn. 199, 205 A.2d 495 (1964), the Superior Court held that the Probate Court is the only tribunal competent to decide the question of due execution of a will.

Neither these cases, nor the statutes cited above, support the defendants' claim in this case, that either original or exclusive jurisdiction lies with the Probate Court. On the contrary, these cases make clear the limited types of actions over which the Superior Court does not exercise original jurisdiction: namely custody of a child not the issue of the marriage involved in a divorce, settlement of an executor's or administrator's account, and the question of due execution of a will. In defining the extent and nature of the Probate Court's jurisdiction, these cases make it very clear that the Superior Court had jurisdiction over this case. " ' "The fact that no other court has exclusive jurisdiction in any matter is sufficient to give the Superior Court jurisdiction of that matter." ' [*State Ex Rel. Morris* v. *Bulkley,* 61

Conn. 287, 374, 23 A. 186 (1892)]." *Carten* v. *Carten,* 153 Conn. 603, 612, 219 A.2d 711, 716 (1966).

The Probate Court, because of its limited statutory jurisdiction,[6] could not have had even concurrent jurisdiction with the Superior Court over any counts of the plaintiff's complaint other than the first count in which she sought delivery of the shares of stock.[7] Hall's claims for registration of the stock, for retrospective status as a record holder of the stock, for an order concerning a shareholders' meeting, and for injunctive relief clearly are beyond the jurisdiction of the Probate Court. The authority of a Probate Court is "not coequal with that of the Superior Court when it is exercising its general equity powers . . . ." *Phillips* v. *Moeller,* 147 Conn. 482, 488, 163 A.2d 95 (1960). The Probate Court enjoys only a limited statutory jurisdiction and that jurisdiction "has not . . . been extended to the adjudication of complex legal questions which pertain to the management and operations of a business corporation." *Carten* v. *Carten,* supra, 615.

The court did not err in holding that it had jurisdiction of the case and in denying the defendant DDI's[8] motion to dismiss and overruling its special defenses on this ground.

## II

WHETHER THE TRIAL COURT ERRED IN FAILING TO STAY THE CASE UNTIL THE PLAINTIFF'S STATUS AS TRUSTEE AND EXECUTRIX HAD BEEN FINALLY DETERMINED

The defendants now claim that the trial court erred in denying their motion for a stay in which they claimed

[6] See General Statutes § 45-4 in footnote 5, supra.

[7] General Statutes § 45-265 allows a Probate Court to enforce the delivery of property *"in the same manner as a court of equity might do."* (Emphasis added.) Such language leaves no doubt that the jurisdiction involved is concurrent.

[8] Although the defendant James Dichello and Burton L. Zempsky joined in the brief of DDI, only DDI raised this claim in the court below.

that the plaintiff's action was premature because it was filed before this court determined, in the companion case of *Zempsky's Appeal from Probate,* supra, who was the appropriate fiduciary. We need pause only briefly on this issue. We note that when this action was brought, Zempsky's appeal from the Probate Court orders which admitted the second will to probate and appointed Hall as successor fiduciary, had already been decided by the Superior Court. Zempsky had already filed the appeal in this court.

The filing of a probate appeal does nothing to impair the decree appealed from. *Stevens' Appeal,* 157 Conn. 576, 580–81, 255 A.2d 632 (1969); *Silverstone* v. *Lillie,* 141 Conn. 104, 107, 103 A.2d 915 (1954). "Since the appeal does not vacate the decree appealed from, . . . the dismissal of the appeal leaves the decree as it was before, in full force." 1 Locke & Kohn, Connecticut Probate Practice § 205. Here, the Superior Court concluded that "[t]he orders and decrees of the Probate Court of April 2, 1984, have not been stayed, vacated, or suspended" and that they "remain wholly effective." Its decision was correct.

"A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion." *Vossbrinck* v. *Vossbrinck,* 194 Conn. 229, 232, 478 A.2d 1011 (1984), cert. denied, 471 U.S. 1020, 105 S. Ct. 2048, 85 L. Ed. 2d 311 (1985). Because the Probate Court's decree appointing Hall was still in effect at the time the defendants brought this action, there already was an existing determination of the plaintiff's fiduciary status. Accordingly, the court did not abuse its discretion by denying the defendant's motions.

We need go no further in answering this argument; the case did proceed to an adjudication on the merits,

and the claim is, therefore, moot.[9] " ' "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom*, 130 Conn. 512, 515, 36 A.2d 22 [1944]; *Phaneuf* v. *Commissioner of Motor Vehicles*, 166 Conn. 449, 452, 352 A.2d 291 [1974]; *Harkins* v. *Driscoll*, 165 Conn. 407, 409, 334 A.2d 901 [1973]; *Roy* v. *Mulcahy*, 161 Conn. 324, 328, 288 A.2d 64 [1971]; Maltbie, Conn. App. Proc. § 21.' " *Bridgeport Jai Alai, Inc.* v. *Gaming Policy Board*, 3 Conn. App. 254, 256, 487 A.2d 208 (1985).

### III

### Whether the Trial Court Erred in Holding That the Plaintiff Had Complied With or Was Excused From Complying With the Statutory Prerequisites of General Statutes § 42a-8-401 and § 33-310 (d) Regarding Possession and Presentment of the Stock Certificates

The defendants claim that Hall did not comply with General Statutes § 42a-8-401[10] because she did not present the stock certificates to the issuer nor did she claim to have possession of the certificates. They also argue that in order to obtain a court order compelling transfer and recording of stock under General Statutes

---

[9] The appellants might have avoided the mootness question by filing a motion for stay directly with the Appellate Court pursuant to Practice Book § 3096 (4).

[10] General Statutes § 42a-8-401 (1) provides in pertinent part: "If a certificated security in registered form is presented to the issuer with a request to register transfer or an instruction is presented to the issuer with a request to register transfer, pledge or release, the issuer shall register the transfer, pledge or release as requested . . . ."

§ 33-310 (d), the petitioner must be "[a] holder of shares entitled to obtain transfer of record pursuant to [General Statutes] section 42a-8-401 . . . ."

This is an unreasonable reading of the two statutes which leads to the bizarre result of allowing Zempsky, by his refusal to deliver the shares of stock to Hall, to thwart the intention of the statutes. It also overlooks the trial court's findings. The court concluded that "Zempsky is in possession of the certificates of the fiduciary shares and he refuses to deliver possession of said certificates, although demand to do so was duly made by Hall." The court also found that "Hall has been prevented from presenting the certificates for transfer of registration by the actions of the defendants" and that "[t]ransfer of record of the certificates of said fiduciary shares to the plaintiff in her fiduciary capacity has been unreasonably delayed by the defendants." On the basis of these findings, the court concluded that the plaintiff should be deemed a shareholder of record and ordered Zempsky to deliver the certificates to Hall. The judgment provided accordingly.

The court, by ordering delivery and registration, complied with both the letter and the spirit of the relevant statutes. The law does not always require a fiduciary to register formally the transfer of a decedent's shares in order to vote them. Connecticut General Statutes § 33-311a (d). Additionally, the statutory provision on registration of securities should be "liberally construed and applied to promote [the] underlying purposes and policies" of the Uniform Commercial Code. General Statutes § 42a-1-102 (1). Those purposes and policies are explained in the Official Comments which accompany each section of the Uniform Commercial Code. In the Official Comment to the 1962 amendments to Article 8, the drafters stress that [General Statutes § 42a-8-401] is not intended to create artificial obstacles: "This section does not constitute a mandate that all

preconditions must be met before the issuer registers a transfer. Conversely, it is not a prohibition upon transfers when not all preconditions are met. . . . This section is not a check list of steps the issuer must take before registering a transfer." Official Comment to U.C.C. § 8-401 (1962).

The policy behind requiring presentment of certificated securities in the ordinary case is to protect the issuer from competing claims as to which it has no knowledge. See *Danaher* v. *C. N. Flagg & Co.,* 181 Conn. 101, 109 n.3, 434 A.2d 944 (1980). It is obvious that no such condition prevails here. Here, the shares stood in the names of Zempsky and Dichello, Jr., the former cofiduciaries, and Hall, as fiduciary, had a duty to obtain a change in the registration. The court did not err in ordering the delivery of and registration of the stock certificates.

### IV

WHETHER THE TRIAL COURT ERRED IN DETERMINING THAT THE PLAINTIFF WAS ENTITLED TO BE CONSIDERED A SHAREHOLDER OF RECORD AS OF SEPTEMBER 13, 1984; IN ORDERING THE DEFENDANTS TO HOLD A SPECIAL MEETING OF SHAREHOLDERS ON JUNE 26, 1985, FOR THE PURPOSE OF ELECTING DIRECTORS; IN ENJOINING THE DEFENDANTS, PENDING SAID SPECIAL MEETING OF JUNE 26, 1985, FROM TAKING THE ACTIONS SET FORTH IN ITS MEMORANDUM OF DECISION

A trial court has the authority to fashion appropriate equitable relief; *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585, 362 A.2d 835 (1975); and balancing the equities is a matter of the trial court's discretion, in which it is not bound by a formula but is free to fashion relief "molded to the needs of justice." *Montanaro Bros. Builders, Inc.* v. *Snow,* 4 Conn. App. 46, 54, 492

A.2d 223 (1985). That discretion should not be interfered with on appeal unless it has been manifestly abused. Id.

The orders of the court challenged here were supported by the facts found and were carefully structured to meet the practical problems of a corporation with a fifty-fifty stock split and were well within the discretion of a court of equity. In these arguments, the defendants are merely rehashing their persistent claim[11] that Hall is attempting to deadlock the successful DDI. The trial court clearly did not abuse its discretion.

The defendants further claim that a conflict of interest may arise between Hall's duties as a fiduciary and her duties as an official of DDI, and accordingly, in equity, the court could not have fashioned the remedy it did. The short answer is that there is no conflict of interest. Hall as a fiduciary must vote her stocks to protect the trust beneficiaries' interests in the corporation. This is exactly what the testator wanted. The court did not err in the orders at issue.

There is no error.

In this opinion the other judges concurred.

[11] So pervasive is this position, that the defendants inveigh in their briefs against certain requests Hall made during the litigation which were not even granted by the court.