[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (No. 129)
A. FACTS
On December 22, 1995, the plaintiff, Bardon Tool Manufacturing Company, Inc. (Bardon), commenced this action against the defendants, The Torrington Company (Torrington), Robert T. Boyd, Jeffrey A. Petry, Brian L. Bilodeau, and Lawrence Penoncello. The plaintiff's complaint arises from the March, 1995 termination of an agreement formed in 1987, whereby Bardon supplied parts to Torrington. The plaintiff filed a nine count complaint alleging, in pertinent part, breach of contract; wanton, willful, reckless breach of contract; civil conspiracy; and individual violations of CT Page 7586 CUTPA.[1]
The defendants filed the instant motion to strike counts one, two, six and eight of the plaintiff's complaint. The plaintiff filed a memorandum in opposition to the defendants' motion to strike and states that it intends to revise and plead over count two of its complaint.
B. DISCUSSION
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305, 309,620 A.2d 181 (1993).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825-26, ___ A.2d ___ (1996). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
To contest the legal sufficiency of a pleading, the moving party can address either the entire pleading, or a portion thereof. Practice Book §§ 152, 158. A motion to strike may address individual counts of a pleading. Practice Book § 158.
Count One
In count one, the plaintiff alleges a common law breach of contract for the sale of goods resulting in financial loss and damage. The defendants argue that a common law breach of contract claim is preempted by the remedies available under the Uniform Commercial Code (UCC) and, therefore, that the plaintiff fails to state a claim upon which relief may be granted.
The UCC is to be "liberally construed and applied to promote its underlying purposes and policies." General Statutes § 42a-1-102 (1);Fidelity Casualty Co. v. Constitution National Bank,
CT Page 7587167 Conn. 478, 485, 356 A.2d 117 (1975); Hall v. Dichello Distributors,Inc., 6 Conn. App. 530, 539, 506 A.2d 1054 (1986). "While it is true that the Code incorporates, by reference, supplementary general principles of contract law and of the law merchant, § 42a-1-103, such supplemental bodies of law cannot displace those provisions of the Code that are directly applicable. Article 2 applies to all contracts for the sale of goods, whether those goods be existing at the time of sale or whether . . . they are to be specially manufactured." Bead Chain Mfg. Co. v. Saxton Products,Inc., 183 Conn. 266, 270, 439 A.2d 314 (1981). See also General Statutes §§ 42a-2-106 (1); 42a-2-201 (3)(a); 42a-2-704 (2);Franklin Quilting Co. v. Orafaly, 1 Conn. App. 249, 251,470 A.2d 1228 (1984), citing Plateq Corp. v. Machelett Laboratories, Inc.,189 Conn. 433, 436-37, 456 A.2d 786 (1983); Tufano Motorcar v.Equipment Resources International, Ltd., Superior Court, judicial district of Hartford-New Britain at New Britain (September 18, 1992, Goldberg, J.).
In its complaint, the plaintiff alleges that Torrington ordered approximately $255,000 in parts and accepted delivery of such parts and, in violation of the agreement, Torrington refused to pay for the parts that it ordered and accepted. This language connotes a sale of goods and, therefore, the defendants' motion to strike count one of the plaintiff's complaint is granted because it relates to the sale of goods, which is governed by Article 2 of the UCC, not by the common law of contracts. See Management ComputerServices, Inc. v. Rourke-Eno Paper Co., Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 025119 (December 7, 1989, Meadow, J., 5 CSCR 104-05) (court strikes the plaintiff's breach of contract claim on the ground that the action is a dispute over a transaction involving goods and is governed by the UCC).
Count Two
In count two, the plaintiff alleges that the defendants' breach of contract, set forth in count one, was undertaken in reckless, willful or wanton disregard of the plaintiff's rights. The defendants move to strike count two on the grounds that Connecticut has not adopted a cause of action for wanton, willful and reckless breach of contract. In the alternative, the defendants move that, even if Connecticut were to recognize such a cause of action, the plaintiff has not alleged sufficient facts to inform either the court or the defendants of the reckless conduct relied upon for alleging such cause of action. CT Page 7588
Because the parties' transactions are governed by Article 2 of the UCC, General Statutes §§ 42a-2-101 et seq., the remedies for any alleged breach may be found in those provisions. See e.g., General Statutes §§ 42a-2-607 through 42a-2-615 (buyer's remedies) and 42a-2-703 (seller's remedies).
The defendant moves to strike count two because Connecticut does not recognize a cause of action for willful, wanton, reckless breach of contract. The court finds this ground persuasive. "Punitive damages are not ordinarily recoverable for breach of contract. Restatement, 1 Contracts 342; 5 Corbin, Contracts 1077; McCormick, Damages 81. This is so because, as lucidly reasoned by Professor Corbin in the passage cited, punitive or exemplary damages are assessed by way of punishment, and the motivating basis does not usually arise as a result of the ordinary private contract relationship. The few classes of cases in which such damages have been allowed contain elements which bring them within the field of tort. It is of course, settled law that, in certain cases of tort, punitive or exemplary damages may properly be awarded. In Connecticut, however, recovery is limited to an amount which will serve to compensate the plaintiff to the extent of his expenses of litigation less taxable costs." Triangle Sheet Metal Works, Inc.v. Silver, 154 Conn. 116, 127, 222 A.2d 220 (1966). See also L.F.Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 48,514 A.2d 766, cert. denied, 201 Conn. 811 (1986).
Furthermore, an action based on reckless and wanton misconduct, like an action in negligence, must allege some duty running from the defendant to the plaintiff in order to be legally sufficient. Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39,46, 492 A.2d 219 (1985). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Id.
"[I]n order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Berry v.Loiseau, 223 Conn. 786, 811, 614 A.2d 414 (1993). "[T]he pleadings must allege and the evidence must show wanton or willful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought . . . ." Seymour v. Carcia, 24 Conn. App. 446,451, 589 A.2d 7, aff'd., 221 Conn. 473, 604 A.2d 1304
(1992). CT Page 7589
In the present case, the plaintiff merely alleges that the actions of Torrington were taken in reckless, willful or wanton disregard of the rights of Bardon Tool. There is no case law to suggest that the plaintiff states a cause of action recognized in Connecticut. Furthermore, the plaintiff does not sufficiently allege conduct on the part of the defendants that is reckless, willful or wanton. Accordingly, the defendants' motion to strike count two of the complaint is granted.
Count Six
In count six, the plaintiff alleges that, when it could not agree to certain demands made by Torrington, the individual defendants conspired to "unilaterally and extralegally" terminate the relationship between the two companies and force the plaintiff out of business. The plaintiff also alleges that the individual defendants undertook acts pursuant to an alleged conspiracy that caused the plaintiff to suffer financial loss and damage.
The defendants claim that, because the plaintiff did not allege that the individual defendants acted outside the scope of their respective duties with Torrington, it has not alleged a valid cause of action. The defendants also argue that Connecticut courts follow the Second Circuit's holding that a separate conspiracy count in a multi-count complaint should be stricken as redundant.
The defendants further argue that Connecticut does not recognize a cause of action for civil conspiracy, relying on the Supreme Court's language that "[t]here is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself." (Internal quotation marks omitted.) Marshakv. Marshak, 226 Conn. 652, 669, 628 A.2d 964 (1993).
The defendants misread the quoted language. The Marshak court relies on an earlier case, in which the court says that "[a civil conspiracy] action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself." Colev. Associated Construction Co., 141 Conn. 49, 54, 103 A.2d 529
(1954). This language is consistent with the elements of civil conspiracy. "The contours of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the CT Page 7590 scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." (Internal quotation marks omitted.)Marshak v. Marshak, supra, 226 Conn. 665, quoting Williams v.Maislen, 116 Conn. 433, 437, 165 A. 455 (1933).
Because the plaintiff did not allege that the individual defendants acted outside the scope of their respective duties with Torrington, it has not alleged a valid cause of action for civil conspiracy in count six of the complaint. "Employees of a corporation acting in the scope of their employment cannot conspire with one another or with the corporation that employs them; each acts or the corporation and the corporation cannot conspire with itself." Day v. General Electric Credit Corporation, 15 Conn. App. 677,684, 546 A.2d 315, cert. denied, 209 Conn. 819-20 (1988), citing 15A C.J.S., Conspiracy 2, pp. 599-600; Hermann v. Moore,576 F.2d 453, 459 (2d Cir.), cert. denied, 439 U.S. 1003,99 S.Ct. 613, 58 L.Ed.2d 679 (1978); Lieberman v. Gant, 474 F. Sup. 848,875 (D.Conn. 1979), aff'd, 630 F.2d 60 (1980); Merkel Associates,Inc. v. Bellofram Corporation, 437 F. Sup. 612, 618 (W.D.N Y 1977); Cole v. University of Hartford, 391 F. Sup. 888, 891-94
(D.Conn. 1975).
Accordingly, the defendants' motion to strike count six of the complaint is granted because the plaintiff fails to sufficiently allege the elements for civil conspiracy. Although each individual defendant is named and each defendant's employment status with Torrington is alleged, the plaintiff fails to allege that the individual defendants acted outside the scope of their employment with Torrington in conspiring to "unilaterally and extralegally terminate Torrington's relationship with Bardon Tool and to force Bardon Tool out of business."
Count Eight
In count eight, the plaintiff alleges that the individual defendants engaged in conduct constituting unfair and deceptive acts and/or practices within the meaning of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b. The defendants contend that the plaintiff has not alleged a legally cognizable claim because the plaintiff cannot pierce the corporate veil to hold the individual defendants liable under CUTPA.
"CUTPA provides a private cause of action to any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a prohibited CT Page 7591 method, act or practice . . . ." (Internal quotation marks omitted.) Fink v. Golenbock, 238 Conn. 183, 212, ___ A.2d ___
(1996), citing General Statutes § 42-110g (a). "A `person' is defined as, `a natural person, corporation, trust, partnership, incorporated or unincorporated association, and any other legal entity . . . .'" Id., quoting General Statutes § 42-110a (3).
"CUTPA, by its own terms, applies to a broad spectrum of commercial activity. The operative provision of the act, [General Statutes] § 42-110b (a), states merely that `[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.'" Id., 213, quoting General Statutes § 42-110b (a).
"Trade or commerce, in turn, is broadly defined as `the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.' General Statutes § 42-110a (4). The entire act is remedial in character; General Statutes § 42-110b (d); . . . . and must be liberally construed in favor of those whom the legislature intended to benefit . . . ." (Citations omitted; internal quotation marks omitted.) Id. See Also Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 492, 656 A.2d 1009 (1995).
The defendants maintain that the individual defendants were not engaged in trade or commerce, as required by CUTPA, which, they argue, requires that the plaintiff allege that the acts complained of were performed in a trade or business.
The plaintiff, in fact, alleges that "[a]t all relevant times . . . [the individual defendants] . . . were conducting trade or commerce within the meanings of [CUTPA]." The defendants cite to no case law supporting the proposition that the corporate veil must be pierced to hold the individual defendants liable for the alleged violations of CUTPA. Indeed, no case law was found supporting the proposition that individual officers of a corporation are shielded from liability under CUTPA.
The recent Connecticut Supreme Court case of Fink v. Golenbock
is instructive. There, the plaintiff physician, fifty percent shareholder of stock in a professional corporation, brought a derivative action on behalf of the corporation against the defendant physicians, claiming, among other things, that each CT Page 7592 defendant violated CUTPA. Fink v. Golenbock, supra, 238 Conn. 185-86. One of the defendants, on appeal, claimed that the trial court improperly ruled in favor of the plaintiff on his CUTPA claim, asking, instead, that the court focus solely on the relationship between the individual parties, as opposed to the corporate parties, to determine whether CUTPA should apply. Id., 211, 213. The defendant characterized the plaintiff's action as a dispute over the internal governance of the corporation, arguing that CUTPA did not apply to the defendant's individual actions. Id., 213.
The court disagreed with the defendant's argument, referring to an earlier case in which the court emphasized that "it was not the employment relationship that was dispositive, but the defendant's conduct." Id., citing Larsen Chelsey Realty Co. v.Larsen, supra, 232 Conn. 492.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen] . . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Fink v. Golenbock, supra, 238 Conn. 215.
Accordingly, the plaintiff has sufficiently alleged a CUTPA violation by the individual defendants in the instant case and the defendants' motion to strike count eight of the complaint is denied.
C. CONCLUSION
For the reasons herein stated, it is concluded that the defendants' motion to strike counts one, two and six of the complaint ought to be and is hereby granted. It is further concluded that the defendants' motion to strike count eight of the complaint ought to be and is hereby denied. CT Page 7593
It is so ordered,
SALVATORE F. ARENA, J.