[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE REQUEST, APPLICATION AND/OR MOTION TO STAY PENDING APPEAL
In this case the plaintiffs have moved to stay an order of this court dissolving a temporary injunction against the defendants Lloyd Anderson and Washington Trust Company and dismissing the case against them.
A brief history of the case follows. This court issued an ex parte temporary injunction against the defendants Lloyd Anderson, Washington Trust Company and Kathleen Sendly Barry, Plainfield Judge of Probate, on December 14, 1999 prohibiting them from acting upon an application for a conservatorship filed in the Plainfield Probate Court until such time as a show cause hearing could be held in the Superior Court to determine the need for such an appointment. The purpose of the probate hearing was to appoint a conservator to review the propriety of certain expenses claimed to have been made on behalf of the plaintiff David Rodriguez by his father and guardian, Hector Rodriguez. The CT Page 2795 defendant Washington Trust Company holds funds of the plaintiff David Rodriguez pursuant to a trust or agency account. In his affidavit, the plaintiff Hector Rodriguez indicated his son would be irreparably harmed by the proceeding.
Although the record of the court hearing does not indicate the court's reason for its action it entered the temporary injunction based upon the language found in Hall v. Dichello Distributors,Inc., 6 Conn. App. 530, 535 (1986). The court's position, based upon Hall was that the Probate Court did not have original or exclusive jurisdiction in the case.
By agreement of the parties on January 19, 2000, the temporary injunction was vacated as to Judge Barry and the case was dismissed as to her.
On February 8, 2000, the court, after reviewing briefs, statutes and case law, reversed itself and held that General Statutes § 45a-648(a)[1] dealing with involuntary representation by a conservator granted original jurisdiction to the Probate Court and when read in conjunction with General Statutes § 51-164-s[2] this court lacked subject matter jurisdiction.
The court dissolved the temporary injunction against the two remaining defendants and dismissed the case as to them.
The plaintiffs have now indicated their intention to appeal the court's decision of February 8, 2000 and they seek to stay the orders dissolving the temporary injunction and judgment of dismissal entered that day.
The plaintiffs first cite Practice Book § 61-11 a as authority for their request. Practice Book § 61-11(a), which provides for an automatic stay in some instances, limits its applicability to those cases "[e]xcept where otherwise provided by statute or other law." The State Supreme Court has determined that certain prohibitory injunctions are not stayed pending appeal. TomassoBros. v. October Twenty-Four, Inc., 230 Conn. 641, 653-655
(1994). The defendants agree with this analysis.
Next the plaintiffs argue that General Statutes § 52-476[3]
grants authority for a stay. Here there was no judgment after final hearing adverse to the continuance of the temporary injunction as § 52-476 requires. Rather the court found that it CT Page 2796 had no subject matter jurisdiction pursuant to §§ 45a-648 and51-164s. For these reasons the defendants urge the court to deny the request for stay on this ground.
Finally the plaintiffs claim that the criteria for a discretionary stay pending an appeal pursuant to Practice Book §§ 61-11(e) and 61-12 apply and have been met. Practice Book § 61-11(e) provides that requests such as the plaintiffs', where there is no automatic stay, shall be governed by Practice Book § 61-12[4].
Practice Book § 61-12 applies to those cases ". . . in which the automatic stay provision of Sec. 61-11 are not applicable andin which there are no statutory stay provisions. . . ." (emphasis added). Since the stay mentioned in § 52-476 is available only after "final hearing" § 52-476 does not provide for a stay on these facts. It appears to the court that Practice Book § 61-12
does apply.
A motion for a stay of execution brought pursuant to Practice Book § 61-12 (formerly Practice Book § 4047) is addressed to the sound discretion of the trial court. See, In re Brommell G.,214 Conn. 454, 462 (1990).
From the affidavits and briefs on file the court is convinced that maintaining the status quo until the jurisdictional issue is resolved on appeal will not harm the defendants. The defendant Anderson gave notice of his application for involuntary representation of the plaintiff, David Rodriguez, to the defendant Washington Trust Company pursuant to General Statutes §45a-653(b)[5]. By its provisions the assets of the plaintiff David Rodriguez, held by the defendant Washington Trust, are frozen until further order of the court. It does not appear that great and irreparable injury will be done by further continuance of the injunction.
Under these circumstances, the motion, request or application to stay the order dissolving the temporary injunction and dismissing the case against the defendants is granted.
Potter, J.