[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION UPON DEFENDANTS' MOTION TO DISMISS
Defendant seeks dismissal of plaintiff's action, stating that the Superior Court has no subject matter jurisdiction, which they claim resides exclusively in Probate Court. Plaintiff's suit seeks judicial imposition of a constructive trust upon assets of a decedent, passed via will, citing oral promises made to plaintiff.
Plaintiff is the daughter of the deceased Louis Gardella and the stepdaughter of the deceased Helen Gardella. Stepmother Helen died in 2000 and Louis predeceased her, intestate, on a date not pleaded. This action names as defendants the estate of Helen and two heirs under Helen's will, nieces Alyce Thomas and Gloria Popowchack who is also executrix of Helen's will. Helen's will named only nieces Alyce and Gloria as beneficiaries.
The plaintiff alleges that on several occasions between 1994 and 1996, her father and stepmother orally promised her that she would receive any assets which they owned upon their respective deaths. Instead, when Helen died, after the death of Louis, at the direction of her will, all of the assets in her estate were left to the defendants. Plaintiff asserts that distributing the assets to the defendants will unjustly enrich them, and will be contrary to the oral promises the decedents made to her. In her request for relief, plaintiff asks the court to stay the disposition of all the assets of the estate and to impose a constructive trust in her favor on all of the property that passed from the estate of Louis to the estate of Helen and from Helen to her nieces.
The defendants, as noted, claim this court lacks subject matter jurisdiction, stating that the plaintiff was required to raise her claim in Probate Court, which all agree she did not do. The defendants also assert that plaintiff is foreclosed pursuant to the doctrines of full faith and credit and res judicata. Attached to the defendants' motion are various final decrees the Probate Court issued in processing the estates CT Page 2420 of both decedents, and a copy of a letter, dated November 12, 1998, revealing that a modest distribution of cash went to plaintiff from her father's estate.
 ARGUMENTS OF THE PARTIES
The defendants insist that following the death of the plaintiff's father, in accordance with the requirements found in General Statutes §§ 45a-353[1] and 45a-358 (c),[2] the plaintiff was required to present her claim to the Probate Court administering his intestacy. Indeed, plaintiff received a monetary distribution in the amount of $1,044. 10 as an intestate successor to her father's estate, with no claim of the present nature presented. The defendants urge that this failure to prosecute upon the death of Louis is a defect precluding this "collateral claim," which deprives this court of jurisdiction. Defendants cite General Statues § 45a-24[3] in claiming that a Probate Court's final decree, if rendered after notice with no appeal taken, is conclusive and binding here and deserving full faith and credit.[4]
Lastly, the defendants note that the Probate Court later issued notice to plaintiff that the court had commenced proceedings in the estate of her stepmother, Helen.[5] Thus, plaintiff had opportunities then and there, with appellate rights, if rejected.
The plaintiff states that her claim is completely exempt from any presentation requirements set forth in Title 45a. First, she argues that she was not required to present it following the first death (that of her father) for it was a "demand payable" contingent upon a "future event,"[6] and did not exist or ripen until her stepmother died. Next, plaintiff asserts that she was not required to present her claim in probate following the death of her stepmother, either, because common law would authorize her claim here instead, against the "holder" of "specific property" contained within said estate.[7] Lastly, plaintiff states that pursuant to General Statutes § 45a-98
(b),[8] the Superior Court has jurisdiction because it has "general jurisdiction" concurrent with that of the Probate Court, whose jurisdiction is neither "original" nor exclusive.
 DISCUSSION
In order to determine whether this court has subject matter jurisdiction, one must resolve the following issues: 1) what are the applicable presentation-of-claim requirements, and 2) does the Superior Court have authority in the matter? CT Page 2421
PART I — The Connecticut "Nonclaim" Statutes
Construing the complaint in favor of nonmovant plaintiff, this court concludes that when Helen died, the plaintiff's claim was exempt from the presentment requirements found in § 45a-357, because her claim is for "specific property" contained within the estate of Helen and not a claim for "money damages" arising out of some personal debt or obligation. Under Connecticut law, there is no prerequisite that claims for "specific property" be presented to Probate Court before they can be heard by the Superior Court, which therefore has subject matter jurisdiction. Moreover, presumably the plaintiff did not present her claim to the Probate Court when her father died because at that time she had an expectation that upon her death, her stepmother would fulfill the promises made, rendering plaintiff the beneficiary of the "specific property" in question here. Therefore, it was only upon Helen's death, when she willed all of her property to her nieces, that the plaintiff's claim ripened.
Our legislature has enacted a statutory scheme whereby creditors are required to present any claims they might have against an estate, or be foreclosed for failing. Certain of these presentation requirements are commonly referred to as "nonclaim statutes." See, e.g., LaMonica v.LaMonica, Superior Court, judicial district of Litchfield, Docket No. CV 99 0079609 (September 26, 2000, Gill, J.) (28 Conn.L.Rptr. 189) ("Section45a-395 is referred to as [a] statute of nonclaim . . ."); Needle v.Petrarlo, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV 91 0037816 (Nov. 19, 1992, McGrath, J.) (8 Conn.L.Rptr. 9) ("Section 45a-357 [is] known as [a] Nonclaim Statute . . ."). Our Supreme Court has commented that the "purpose of [these nonclaim statutes] is to inform an administrator or executor of what claims may have to be paid out of the estate . . . [thereby permitting] the speedy settlement of estates." (Citations omitted; internal quotation marks omitted.) Breen v. Phelps, 186 Conn. 86, 101-02 (1982).[9]
In Matey v. Dember, 256 Conn. 456 (2001), our Supreme Court stated that "the word `claim' as used in the [nonclaim statutes] means those obligations which are in the broad sense of the term, debts and would include obligations arising out of contract express or implied . . . A claim which is characterized as an existing obligation of the decedent and would be paid out of the estate as a whole falls within the statute and must be presented. The word [claim] was taken to apply also to claims founded in tort . . . until an amendment in 1967 specifically excepted such claims from the statute. Not only debts already due and payable but also those which have not matured must be presented, for these are nevertheless existing obligations and capable of proof . . ." (Citations CT Page 2422 omitted; internal quotation marks omitted.) Matey, supra, 476-77.
The Matey court also noted that "[n]ot all claims are subject to the nonclaim statute[s]. For instance, tort claims [and] claims to an interest in real estate owned by a decedent at the time of his death and forming part of his estate [and] claims for the recovery of trust assets that have been included in the estate of a decedent [and] claims for the recovery of specific property . . . and claims for after-accrued claims . . . are not subject to the statute . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Matey v. Dember, supra,256 Conn. 477. To reiterate, "[i]n those cases in which the [claim] is for the recovery of or the determination of interests in specific property and therefore is at least quasi in rem and not in personam, it is not an essential prerequisite that a claim be presented [to Probate Court]." Padula v. Padula, 138 Conn. 102, 107 (1951). This is so because "[a] claim for specific property in the hands of the administrator is deemed to be a claim against the administrator but not against the estate; for such property, though in the hands of the administrator, is not part of the estate and the claim for it is not a debt of the estate." (Internal quotation marks omitted.) Breen v. Phelps, supra,186 Conn. 102-03.
The plaintiff relies primarily on LaMonica v. LaMonica, supra,28 Conn.L.Rptr. 189, to assert that her claim is exempt from the presentation requirements of the nonclaim statute.[10] The LaMonica
court followed the precedent set forth in Breen, supra, and held that all claims for "specific property" were exempt from the presentation requirement of the nonclaim statute.[11] LaMonica v. LaMonica, supra,28 Conn.L.Rptr. 190. Notwithstanding this decision, however, theLaMonica court ultimately concluded that the plaintiff's claim was not a claim for "specific property" but instead was a "debt in the nature of insurance proceeds, i.e.: money . . . [which actually] stems from a personal obligation of the decedent" and was therefore a debt against the estate itself. Id. Consequently, the plaintiff's claim was dismissed.
Therefore, this court must consider whether plaintiff's claim is for "money damages" arising out of a personal debt or obligation of the decedent, or a claim for "specific property" within Helen's estate. In the amended complaint, the court is asked to "impos[e] a constructive trust" which ought exist "as a result of [the] oral agreement [between herself, her father and her stepmother], for all assets, including allreal and personal property, contained within the estate of Helen." Unlike the plaintiffs in LaMonica and Breen, this plaintiff does not petition for relief in the form of "money damages" arising out of a personal obligation of the decedents; nor does she ask the court to impose a CT Page 2423 constructive trust upon monies, say, that she might have loaned to the decedents. Instead, construing the language of the complaint in her favor, it appears the claim is one for certain "specific property" and not actually a claim for "money damages." Accordingly, the plaintiff's claim for "specific property" is exempt from the presentment requirements set forth in § 45a-357.
PART II — Jurisdictional Power of the Superior Court Versus the Probate Court
This court is one of general jurisdiction whose authority may be concurrent with Probate Court, unless a controversy falls within the original jurisdiction of the Probate Court. Here, the plaintiff seeks "specific property" and an equitable remedy, imposition of a constructive trust until the court can determine the claim's validity. This does not seem to be the sort of claim deemed to fall within the original jurisdiction of the Probate Court; instead, it fits more closely the type of claim listed in Matey, supra. Thus, the Superior Court may properly exercise subject matter jurisdiction.
To explain more fully, the legislature has pronounced certain jurisdictional powers to be concurrent, General Statutes § 45a-98
(b)[12] and our courts have so acknowledged. See, e.g., MacDonald v.Hartford Trust Co., 104 Conn. 169, 190 (1926); Hall v. DichelloDistributors, Inc., 6 Conn. App. 530, 535-36 (1986), cert denied,200 Conn. 807 (1987); Salafia v. Salafia, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 95 0249964 (May 22, 1996, Silbert, J.) (16 Conn.L.Rptr. 601).
General Statutes § 51-164s provides, however, that the Superior Court "shall be the sole court of original jurisdiction for all causes of action except in such actions over which the courts of probate have original jurisdiction, as provided by statute." See also Hall v. DichelloDistributors, Inc., supra, 6 Conn. App. 534. In other words, "the Superior Court cannot exercise a primary jurisdiction which by statute is reposed in the Courts of Probate." (Internal quotation marks omitted.)First National Bank Trust Co. v. McCoy, 124 Conn. 111, 115 (1938); see also Hall v. Dichello Distributors, Inc., supra, 6 Conn. App. 534-35;Salafia v. Salafia, supra, 16 Conn.L.Rptr. 602 (the "Superior Court cannot exercise concurrent jurisdiction over subject matter within theoriginal jurisdiction of the Probate Court").
The Supreme Court has indicated that "[i]n contrast to courts of probate, [t]he Superior Court of this state as a court of law is a court of general jurisdiction. It has jurisdiction of all matters expressly CT Page 2424 committed to it and of all others cognizable by any law court of which exclusive jurisdiction is not given to some other court. The fact that noother court has exclusive jurisdiction in any matter is sufficient togive the Superior Court jurisdiction over that matter." (Emphasis added; internal quotation marks omitted.) In re Joshua S., 260 Conn. 182, 215
(2002).
With respect to the jurisdiction of the Probate Court, "there are three types of actions in which the Superior Court does not exercise original jurisdiction: those involving the custody of a child not the issue of the marriage involved in a divorce, settlement of an executor's or administrator's account, and the question of due execution of a will." (Internal quotation marks omitted.) Id., 216, citing Hall, supra. Thus, in consonance with In re Joshua S., supra, 260 Conn. 216, this is not the type of claim over which Probate would have exclusive or original jurisdiction as the essence of the claim is not rooted in a custody battle, nor is it a request for an accounting of the assets being held within Helen's estate, nor is the plaintiff asking the court to determine if the will was properly executed.
It has been said that, "[a] constructive trust is a flexible equitable remedy whose enforcement is subject to the equitable discretion of the trial court." Wendell Corp. Trustee v. Thurston, 239 Conn. 109, 120
(1996). Moreover, "[t]he authority of a Probate Court `is not co-equal with that of the Superior Court when it is exercising its general equity powers . . .'" Hall v. Dichello Distributors, Inc., supra, 6 Conn. App. 536, quoting Phillips v. Moeller, 147 Conn. 482, 488 (1960). Therefore, because the plaintiff's claim involves a request for the imposition of an equitable remedy and does not fall within any of the three specific areas consigned to the Probate Court's original jurisdiction, the Superior Court may properly exercise jurisdiction.
The defendants' motion to dismiss is denied.
Nadeau, J.